No. 25-5137
(oral argument not yet scheduled)

IN THE
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

NORWICH PHARMACEUTICALS, Inc.,

*Plaintiff - Appellant*

v.

Robert F. KENNEDY, in his official capacity as Secretary of Health and
Human Services; Martin MAKARY, M.D., in his official capacity as
Commissioner of Food and Drugs; UNITED STATES FOOD AND
DRUG ADMINISTRATION,

*Defendants - Appellees*

&

TEVA PHARMACEUTICALS USA, Inc.;
SALIX PHARMACEUTICALS, Inc.,

*Intervenors - Appellees*

On appeal from the
United States District Court for the District of Columbia

# SALIX'S RESPONSE BRIEF
# PUBLIC COPY—SEALED MATERIAL
# DELETED

Michael J. Abernathy
Wan-Shon Lo
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Dr.
Chicago, Ill. 60606
T: 312-324-1000

Bryan M. Killian
Douglas A. Hastings
Brendan J. Anderson
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, D.C. 20004
T: 202-739-3000
bryan.killian@morganlewis.com

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

In accordance with Circuit Rule 28(a)(1), Intervenor for Defendant – Appellee Salix Pharmaceuticals, Inc. certifies:

## I.   Parties and Amici

The Plaintiff – Appellant is Norwich Pharmaceuticals, Inc.

The Defendants – Appellees are Robert F. Kennedy Jr., in his official capacity as Secretary of Health and Human Services and Robert McKinnon Califf, M.D., in his official capacity as Commissioner of Food and Drugs; and the United States Food and Drug Administration.

Intervenors for Defendants – Appellees are Salix Pharmaceuticals, Inc. and Teva Pharmaceuticals USA, Inc.

There are no *amici curiae* in this case.

## II.   Rulings Under Review

The rulings under review are the United States District Court for the District of Columbia's April 17, 2025 judgment (ECF No. 83), and April 17, 2025 order (ECF No. 81) and memorandum opinion (ECF No. 82) in *Norwich Pharmaceuticals, Inc. v. Kennedy, et al.*, No. 1:25-cv-00091.

## III. Related Cases

This case is related to *Norwich Pharmaceuticals Inc. v. Kennedy et. al*, No. 23-5311 (D.C. Cir.). A motions panel directed the Clerk to "schedule No. 23-5311 and No. 25-5137 for oral argument on the same day before the same panel." Order, *Norwich Pharmaceuticals Inc. v. Kennedy*, No. 23-5311 (D.C. Cir. May 21, 2025).

This case is also related to *Salix Pharmaceuticals, Ltd. v. Norwich Pharmaceuticals Inc.*, 98 F.4th 1056 (Fed. Cir.), *cert. denied*, 145 S. Ct. 567 and 145 S. Ct. 983 (2024) and *Salix Pharmaceuticals, Inc. v. Norwich Pharmaceuticals, Inc.*, No. 1:24-cv-7140 (D.N.J. filed June 20, 2024) that involved substantially the same parties and similar issues.

/s/ Bryan M. Killian

Bryan M. Killian
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, D.C. 20004
T: 202-739-3000
bryan.killian@morganlewis.com

# CORPORATE DISCLOSURE STATEMENT

In accordance with Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rule 26.1, Intervenor for Defendant – Appellee Salix Pharmaceuticals, Inc. certifies:

Salix Pharmaceuticals, Inc. in a pharmaceutical company specializing in prevention and treatment of gastrointestinal diseases and disorders.

The parent company of Salix Pharmaceuticals, Inc. is Bausch Health Companies Inc., which owns 10% or more of stock in Salix Pharmaceuticals, Inc.

/s/ Bryan M. Killian
Bryan M. Killian
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, D.C. 20004
T: 202-739-3000

# CONTENTS

Certificate as to Parties, Rulings, and Related Cases.............................i

Corporate Disclosure Statement.............................................................iii

Contents.................................................................................................. iv

Authorities............................................................................................. vi

Glossary ................................................................................................ vii

Summary of Argument............................................................................ 1

Argument................................................................................................. 4

I.    The stipulation concerning the original, unamended '369
      ANDA does not clear the path for approval of the '370
      ANDA.............................................................................................. 4

      A.    Failure-to-market forfeiture, in brief. .................................. 5

      B.    In Norwich's case, all the *bb* prerequisites have never
            been present at the same time for each patent. ....................7

            1.    The Stipulation was not a *BB* event............................. 8

            2.    FDA's tentative approval of the amended '369
                  ANDA is irrelevant because Norwich's
                  amendment took the '369 ANDA outside the
                  scope of the Stipulation.............................................. 10

II.   In no event could the Court order immediate approval of
      Norwich's ANDA. .......................................................................... 12

      A.    FDA must decide whether the '370 ANDA is subject to
            a 30-month stay.................................................................... 13

      B.    FDA must decide whether Paragraph III certifications
            in the '370 ANDA preclude approval before the
            underlying patents expire..................................................... 14

Conclusion ............................................................................................ 16

Certificate of Compliance ....................................................................... 17

Certificate of Service ............................................................................... 18

# AUTHORITIES

## CASES

*Apotex, Inc. v. Daiichi Sankyo, Inc.*, 781 F.3d 1356 (Fed. Cir. 2015)...................5-6, 8, 10, 12

*Apotex, Inc. v. FDA*, 449 F.3d 1249 (D.C. Cir. 2006)............9

*Bennett v. Spear*, 520 U.S. 154 (1997)...................................13

*Cal. Cmtys. Against Toxics v. EPA*, 934 F.3d 627 (D.C. Cir. 2019)...................................13

*NLRB v. Wyman-Gordon Co.*, 394 U.S. 759 (1969) ..............3

*Prohibition Juice Co. v. FDA*, 45 F.4th 8 (D.C. Cir. 2022)........3

*Valero Energy Corp. v. EPA*, 927 F.3d 532 (D.C. Cir. 2019) .............................................13

## STATUTES

Federal Food, Drug, and Cosmetic Act, ch. 675, 52 Stat. 1040 (1938) 21 U.S.C. § 355(j)(5)(A)............11

21 U.S.C. § 355(j)(5)(B) ........................................ 11, 14-15

21 U.S.C. § 355(j)(5)(B)(ii)........ 15

21 U.S.C. § 355(j)(5)(B)(iii) ...... 13

21 U.S.C. § 355(j)(5)(D)............ 11

21 U.S.C. § 355(j)(5)(D)(i)(I) ...... 5

21 U.S.C. § 355(j)(5)(D)(i)(I)(aa) ...................................................... 5

21 U.S.C. § 355(j)(5)(D)(i)(I)(bb) ...................................................... 5

21 U.S.C. § 355(j)(5)(D)(i)(I)(bb)(AA) ................................................. 6, 11

21 U.S.C. § 355(j)(5)(D)(i)(I)(bb)(BB) ..............................................6, 9, 11

21 U.S.C. § 355(j)(5)(D)(i)(I)(bb)(CC) ...................................................... 6

Hatch-Waxman Act, Pub. L. No. 98-417, 98 Stat. 1585 (1984), 35 U.S.C. § 271(e)(2)(A) ............................................ 11

## OTHER AUTHORITIES

Scheduling Order, *Salix Pharms, Ltd. v. Norwich Pharms., Inc.*, No. 1:20-cv-00430, Dkt. No. 23 (D. Del. June 15, 2020)...................... 9

U.S. Patent No. 7,928,115 . 15

# GLOSSARY

| | |
|---:|:---|
| ANDA | abbreviated new drug application |
| AOB | Norwich's Opening Brief on Appeal |
| FDA | Food & Drug Administration |
| HE | overt hepatic encephalopathy |
| IBS-D | irritable bowel syndrome with diarrhea |
| Xifaxan 550 | Xifaxan® (rifaximin) 550 mg tablets |

# SUMMARY OF ARGUMENT

Salix concurs with FDA and Actavis and, here, focuses on additional reasons Norwich's '370 ANDA cannot be immediately approved.

In its two appeals in this Court, Norwich takes two, contrary views of the patent litigation in Delaware district court. In Case No. 23-5311, Norwich takes a hyper-narrow view of Judge Andrews' *infringement* finding as applying only to the '369 ANDA as it existed on the day Norwich lost, such that FDA must immediately approve the ANDA now that Norwich amended it. In this appeal, Norwich takes a hyper-broad view of a conditional, stipulated *noninfringement* finding as applying, not only to the '369 ANDA, but to the '370 ANDA as well, such that Actavis has forfeited its 180-day exclusivity.

The Court should reject Norwich's inconsistent arguments.

Norwich focuses on a single HE patent, because that's what FDA focused on, yet Norwich admits at least four other patents are in play. *See* AOB 20. Pointing to the Delaware patent-infringement litigation and a stipulation Salix and Norwich agreed to, Norwich assumes there were forfeiture events for those four patents. *See* AOB 38–42. But Norwich only selectively quotes the Stipulation. *See* AOB 19. The Stipulation is

expressly limited to the *original*, unamended '369 ANDA *containing both the IBS-D and HE indication*:

> For the sake of clarity, "Norwich's current ANDA No. 214369" and "current ANDA Product" as used in this Stipulation includes any amendments or supplements to the ANDA that do not change the indications of use … .

*See* JA__[[AR 580 n.1, Stipulation D. Del. Dkt. 180 n.1]]. The Stipulation provides Norwich no help now that Norwich *amended the '369 ANDA to carve out the HE indication*.

Norwich spends little time on the Stipulation because Norwich believes FDA "agree[d]" with Norwich's take on it. *See* AOB 42. Not so. FDA only *assumed* the Stipulation was applicable to the forfeiture analysis. JA__[[Dkt. 86 at PageID.18 (Memorandum Opinion)]] ("FDA proceeded from the premise that the [Stipulation] could act as" a qualifying event).

The meaning and effect of the Stipulation are not issues that need to be considered by FDA in first instance. They are purely legal issues, and FDA's memoranda make clear that, even if the Stipulation were a qualifying event, there is no forfeiture. However, the Court can decide the

question now as an alternative ground for affirmance, if the Court disagrees with FDA and the district court as to the HE patent. *Cf. NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969) (declining to remand because "there is not the slightest uncertainty as to the outcome of a proceeding before the Board"); *Prohibition Juice Co. v. FDA*, 45 F.4th 8, 24 (D.C. Cir. 2022) (upholding FDA's determination because "when there is not the slightest uncertainty as to the outcome of a proceeding on remand, courts can affirm an agency decision on grounds other than those provided in the agency decision" (citation modified)). In all events, because of these issues and others addressed below, the '370 ANDA cannot be immediately approved, as Norwich demands.

# ARGUMENT

I. **The stipulation concerning the original, unamended '369 ANDA does not clear the path for approval of the '370 ANDA.**

Norwich admits the '370 ANDA includes four Paragraph IV certifications—to three polymorph patents (the '949, '904, and '196 patents) and one IBS-D patent (the '569 patent)—"that *do* block approval of" the ANDA.[1] AOB 38. Yet Norwich contends Actavis has forfeited its 180-day exclusivity for those certifications because it did not market its product within 75 days after "Norwich secured judgments of non-infringement or invalidity for each of those four patents." *Id.* The judgments Norwich alludes to are (1) the May 2022 Stipulation, in which Salix stipulated that the unamended '369 ANDA did not infringe the three polymorph patents, and (2) the Federal Circuit's April 2024 decision affirming Judge Andrews' judgment that the IBS-D patent is invalid.

Norwich's contention lacks merit. The 75-day clock for the failure-to-market forfeiture does not start until another applicant has both

---

[1] Norwich's certifications to patents directed to the HE indication also block approval of the '370 ANDA. There are four such certifications: to the '573 patent Judge Andrews found valid and infringed and three other HE patents addressed in the May 2022 Stipulation.

prevailed and obtained tentative approval of the prevailing application. *See* 21 U.S.C. § 355(j)(5)(D)(i)(I)(bb); *see also Apotex, Inc. v. Daiichi Sankyo, Inc.*, 781 F.3d 1356, 1370 (Fed. Cir. 2015). As explained below, even setting aside the HE patent, the 75-day clock has not yet begun because there has been no *bb* date for the patents covered by the Stipulation, including the relevant polymorph patents.

## A.  Failure-to-market forfeiture, in brief.

A first applicant forfeits its 180-day marketing exclusivity if it fails to market its product within the later of two dates. *See* 21 U.S.C. § 355(j)(5)(D)(i)(I). Everyone agrees (AOB 40 n.6) that one of those dates has come and gone—the *aa* date that began 30 months after Actavis submitted its ANDA. *See id.* § 355(j)(5)(D)(i)(I)(aa). The focus is on the other, *bb* date. *See id.* § 355(j)(5)(D)(i)(I)(bb).

A *bb* date, with respect to a first applicant or "any other applicant" that "has received tentative approval," is assigned when either an *AA*, *BB*, or *CC* event "has occurred" "as to each of the patents" underlying the first applicant's Paragraph IV certifications. *Id.* A first applicant has 75 days after the *bb* date to market its product or else forfeit exclusivity. *Id.*

- An *AA* event occurs when a court "enters a final decision … that the patent is invalid or not infringed." Typically, that happens when the Federal Circuit resolves an appeal, though it could happen sooner if no appeal is taken. *See Apotex*, 781 F.3d at 1368-69.

- A *BB* event occurs when "a court signs a settlement order or consent decree that enters a final judgment that a includes a finding that a patent is invalid or not infringed."

- And a *CC* event occurs when patent information is withdrawn.

21 U.S.C. § 355(j)(5)(D)(i)(I)(bb)(AA)–(CC).

Analyzing the statutory text concerning the *bb* date, the Federal Circuit concluded that only one interpretation "makes good sense"—"the 75-day clock for [the first applicant] starts to run when [another applicant] has *both* tentative approval *and* a no-longer-appealable judgment of non-infringement." *Apotex*, 781 F.3d at 1370 (emphasis added). "Tentative approval is required before a second filer can actually trigger forfeiture, because exclusivity should not be lost unless the second filer is on the verge of having an approved product to deliver the benefits of competition." *Id.* So, whether tentative approval happens before or after an applicant has all the necessary favorable decisions, failure-to-market forfeiture cannot happen unless, for each patent, all the *bb* prerequisites

(tentative approval and an *AA*, *BB*, or *CC* event) are present at the same time, such that the applicant is ready and able to launch.

## B. In Norwich's case, all the *bb* prerequisites have never been present at the same time for each patent.

Even looking at only the three polymorph patents and the one IBS-D patent that Norwich concedes are relevant—*i.e.*, ignoring the HE patents—Actavis's 75-day clock has not started. In chronological order, the key, undisputed facts are these:

- <u>May 2022</u>: Norwich and Salix jointly entered the Stipulation, concerning nineteen un-litigated patents, including the three polymorph patents (the '949, '904, and '196 patents). The Stipulation expressly applies only to the '369 ANDA and only insofar as Norwich neither amends nor supplements that ANDA to change the indications of use. *See* JA__[[AR 580 n.1, Stipulation D. Del. Dkt. 180 n.1]].

- <u>August 2022</u>: Judge Andrews issued a post-trial opinion on the litigated patents.

- <u>September 2022</u>: Flouting the Stipulation, Norwich amended the '369 ANDA to carve out the HE indication.

- <u>June 2023</u>: FDA tentatively approved the amended '369 ANDA. JA__[[AR 614-619, ANDA Tentative Approval Letter]].

- <u>April 2024</u>: On Salix's appeal, the Federal Circuit affirmed Judge Andrews' finding that the IBS-D patent (the '569 patent) is invalid. Norwich did not appeal Judge Andrews' finding about the HE patents.

- <u>June 2024</u>: The Federal Circuit issued the mandate.

Norwich contends that the *bb* date happened in mid-2024 because, in Norwich's view, by then there was an *AA* event for the IBS-D patent (the Federal Circuit mandate), a *BB* event for the polymorph patents (the Stipulation), and a relevant tentative approval. Norwich is right about the *AA* event but wrong about the other two. So, the *bb* date has not yet happened.

1.    The Stipulation was not a *BB* event.

The object of failure-to-market forfeiture, as Norwich acknowledges, is to incentivize a first applicant to market when, owing to its own or a subsequent applicant's litigation success, the "runway is clear" of patents that potentially block generics. AOB 4, 41; *see Apotex*, 781 F.3d at 1370. In that light, the May 2022 Stipulation was not a *BB* event. The

Stipulation was a limited case- and ANDA-specific agreement that did not end the litigation or offer Norwich cover to market.

From the get-go, Judge Andrews made clear that Salix could not litigate all of its patents. *See* Scheduling Order, *Salix Pharms, Ltd. v. Norwich Pharms., Inc.*, No. 1:20-cv-00430, Dkt. No. 23 ¶ 3(g)(iv) (D. Del. June 15, 2020). Salix therefore had to winnow patents for trial, and the Stipulation embodies that effort. It also reflects mutual compromise: Salix agreed to noninfringement findings for the nineteen patents it did not raise at trial, including the three relevant polymorph patents, and Norwich agreed that those noninfringement findings apply only to Norwich's then-current version of the '369 ANDA—not any other ANDA or even the '369 ANDA if Norwich amended the indications of use.

The Stipulation is not a "settlement order or consent decree *that enters a final judgment.*" 21 U.S.C. § 355(j)(5)(D)(i)(I)(bb)(BB) (emphasis added). The Stipulation is a non-substantive and case-specific agreement—similar to the sort of "stipulation and order" that, before the MMA amendments to the FDCA, FDA ruled cannot fairly cause a first applicant to lose its exclusivity. *Apotex, Inc. v. FDA*, 449 F.3d 1249, 1251 (D.C. Cir. 2006). Because the Stipulation addressed some, but not all patents, and because of its express limitation to the unamended '369 ANDA, the

Stipulation did not clear the runway for Norwich or any of Salix's generic competitors. It is not a *BB* event for the polymorph patents.

> 2. FDA's tentative approval of the amended '369 ANDA is irrelevant because Norwich's amendment took the '369 ANDA outside the scope of the Stipulation.

Even if the Stipulation were a *BB* event for the polymorph patents, an applicant needs *both* a *BB* event *and* tentative approval for the first applicant to forfeit exclusivity. *See Apotex*, 781 F.3d at 1370. ███████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████ Norwich and Salix had jointly stipulated, however, that the *original* '369 ANDA, and *only* the original '369 ANDA, did not infringe the unlitigated patents. So, when Norwich obtained tentative approval of the *amended* '369 ANDA the following year, that ANDA was not one for which there were noninfringement findings. That ANDA was not ready to launch free of infringement concerns.

Norwich might contend that *bb* dates and *BB* events are not so tightly linked—that the 75-day clock can start whenever an applicant wins a favorable judgment as to a patent and obtains tentative approval of an ANDA. Yet the statute does not envision applicants stitching together

forfeiture prerequisites across multiple ANDAs. The reference in *AA* and *BB* to a finding that a patent is "not infringed" refers to the special act of infringement in Hatch-Waxman cases—the submission of "an application." 35 U.S.C. § 271(e)(2)(A). Infringement in Hatch-Waxman cases is inherently ANDA-specific. A noninfringement finding concerning one ANDA does not mean that other ANDAs don't infringe and thus don't "clear the runway" for one another.[2]

Context confirms that understanding. While *bb* refers to "any other applicant," the approval and forfeiture provisions refer to an "application." 21 U.S.C. § 355(j)(5)(A), (B), (D). The *bb* provision does not refer to "tentative approval" in the abstract, but to "tentative approval" of a particular ANDA by a particular applicant.

Norwich's contention, that an applicant's tentative approval and *AA* or *BB* event need not be connected, generates absurd results. Failure-to-market forfeiture could be triggered even if a court vacates the *AA* or *BB* event before the applicant obtains tentative approval. Failure-to-market forfeiture also could be triggered when FDA tentatively approves any

---

2  By contrast, a finding of invalidity is not ANDA-specific. A finding of invalidity concerning one ANDA does generally apply to other ANDAs. *See* 21 U.S.C. § 355(j)(5)(D)(i)(I)(bb)(AA)–(BB).

ANDA submitted by the other applicant, even an ANDA for a completely different drug product.

The only interpretation that "makes good sense," *Apotex*, 781 F.3d at 1370, is that the tentatively approved ANDA must be one to which the *AA* or *BB* event applies. Here, since the Stipulation's noninfringement finding applies only to the unamended '369 ANDA (which FDA did not approve), not to the amended '369 ANDA (which FDA tentatively approved), there has been no *bb* date as to the polymorph patents.

## II. In no event could the Court order immediate approval of Norwich's ANDA.

Norwich asks the Court to direct the district court to grant Norwich's summary-judgment motion, in which Norwich sought not only vacatur of FDA's tentative approval but also an order directing FDA to approve the '370 ANDA immediately. AOB 58; *see* JA__[[Dkt. 66 (Norwich MSJ)]]. But this Court cannot order that relief even if it finds that the FDA's reasons for tentative approval are invalid. FDA would need to address the Stipulation-related arguments above, if the Court does not rule on them as a matter of law. FDA also would need to address two other outstanding issues: (1) whether the '370 ANDA is subject to a 30-month stay;

and (2) whether Paragraph III certifications in the '370 ANDA preclude approval before the underlying patents expire.

A.   **FDA must decide whether the '370 ANDA is subject to a 30-month stay.**

Norwich asserts that no 30-month stay under 21 U.S.C. § 355(j)(5)(B)(iii) applies to the '370 ANDA. *See* AOB 20. But FDA has not rendered final agency action on that issue. *See Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (discussing the requirement). ███████████

███████████████████████████████████████████

████████[a] Because FDA's decision about Actavis's exclusivity postponed



(footnote continued on next page)

Norwich's approval beyond 30 months, FDA didn't need to consider a stay—but would have to if the Court vacated.

B.    **FDA must decide whether Paragraph III certifications in the '370 ANDA preclude approval before the underlying patents expire.**

Another issue FDA would need to decide before issuing final approval is whether Paragraph III certifications Norwich made in the '370 ANDA preclude immediate approval. As Norwich admits, the timing rules apply to "*each certification made"* in the ANDA. *See, e.g.*, AOB 11 (quoting and discussing § 355(j)(5)(B)) (emphasis added by Norwich); *see also id.* at 23–24, 26–29 (same). Despite this admission, Norwich never acknowledges it made Paragraph III certifications in the '370 ANDA. FDA must consider these certifications, as well as the Paragraph IV certifications Norwich made in the '370 ANDA. *See, e.g.*, AOB 26–27 (emphasizing that 21 U.S.C. § 355(j)(5)(B) applies to "each individual certification made by the subsequent applicant in its ANDA").

When an ANDA applicant makes Paragraph III certification to a patent, approval of the ANDA "may be made effective on the date" the patent expires. 21 U.S.C. § 355(j)(5)(B)(ii); *see also* AOB 12–13 and 28–29 (discussing timing rule (ii) and effect of a Paragraph III certification). ███

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████ The '370 ANDA thus cannot be approved until July 24, 2029, well after Actavis's anticipated 2028 launch date. *See* JA__[[Dkt. 86 at 10–11]].

Norwich might argue that the '115 patent is listed in the Orange Book for the 200 mg product only, not the 550 mg product, and that its Paragraph III certification is irrelevant. But Norwich made these certifications in the same ANDA, and the text and structure of the statute are clear that timing rules for "an application" apply to "each certification made," 21 U.S.C. § 355(j)(5)(B). Norwich indisputably "made" a Paragraph III certification to the '115 patent. At a minimum, FDA would need to consider whether, despite Norwich's Paragraph III certification, it can approve the '370 ANDA before the July 24, 2029 expiration of the '115 patent. Because FDA has yet to do so, remand would be needed for that reason, too.

# CONCLUSION

The district court's judgment should be affirmed.

Respectfully submitted,

/s/ Bryan M. Killian

Bryan M. Killian
Douglas A. Hastings
Brendan J. Anderson
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, D.C. 20004
T: 202-739-3000
bryan.killian@morganlewis.com

Michael J. Abernathy
Shon Lo
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Dr.
Chicago, Ill. 60606
T: 312-324-1000

September 17, 2025

# CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(g)(1), I certify that the foregoing meets the type-volume limitations of Rule 32(a)(7)(B) and Circuit Rule 32(e)(1) because it contains 3,006 words.

/s/ Bryan M. Killian

# CERTIFICATE OF SERVICE

I certify that, on September 17, 2025, I electronically filed the foregoing with the Clerk for the United States Court of Appeals for the D.C. Circuit. I used the Court's CM/ECF system, which serves registered CM/ECF users. All attorneys in this case are registered CM/ECF users and were served accordingly.

/s/ Bryan M. Killian