# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

NORWICH PHARMACEUTICALS, INC.,

*Plaintiff-Appellant,*

v.

ROBERT F. KENNEDY, JR.; et al.,

*Defendants-Appellees,*

TEVA PHARMACEUTICALS USA, INC.; et al.,

*Intervenors-Appellees.*

---

On Appeal from the United States District Court
for the District of Columbia

---

## SUPPLEMENTAL BRIEF FOR APPELLEES
## PUBLIC COPY - SEALED MATERIAL DELETED

---

*Of Counsel:*

MICHAEL B. STUART
  *General Counsel*
  *U.S. Department of Health and*
    *Human Services*

SEAN R. KEVENEY
  *Chief Counsel*
  *Food and Drug Administration*

WENDY VICENTE
  *Deputy Chief Counsel, Litigation*

JAMES ALLRED
  *Senior Counsel*

BRETT A. SHUMATE
  *Assistant Attorney General*

DANIEL TENNY
GABRIEL I. SCHONFELD
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7219*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-3306*

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rule 28(a)(1), the undersigned counsel certifies as follows:

## A.     Parties and Amici

The plaintiff-appellant is Norwich Pharmaceuticals, Inc (Norwich).

The defendants-appellees are Robert F. Kennedy, Jr., in his official capacity as Secretary of Health and Human Services; Martin A. Makary, M.D., in his official capacity as Commissioner of Food and Drugs; and the United States Food and Drug Administration.

Salix Pharmaceuticals, Inc. (Salix) and Teva Pharmaceuticals USA, Inc. (Teva) intervened in the district court in support of defendants-appellees and remain intervenors on appeal.

No amici appeared in the district court, and none are currently before this Court.

## B.     Rulings Under Review

Norwich appeals from an order of the district court (Howell, J.) granting summary judgment for the government, Salix, and Teva, and

denying Norwich's motion for summary judgment. *See* JA301-302 (Order); JA769-810 (Memorandum Opinion); JA303 (Clerk's Judgment).

The district court's sealed memorandum opinion is unreported. A public redacted version of that opinion is available at *Norwich Pharmaceuticals, Inc. v. Kennedy*, No. 25-091, 2025 WL 1148463 (D.D.C. Apr. 18, 2025).

## C.    Related Cases

This case has not previously been before this Court. This case is related to one other currently pending before this Court. *See Norwich Pharms., Inc. v. Kennedy*, No. 23-5311 (D.C. Cir. filed Dec. 29, 2023). Oral argument was held in both cases on December 11, 2025. Undersigned counsel is not aware of any related cases currently pending in any other court within the meaning of Circuit Rule 28(a)(1)(C).

*/s/ Gabriel I. Schonfeld*
Gabriel I. Schonfeld

# TABLE OF CONTENTS

**Page**

GLOSSARY

INTRODUCTION ........................................................................ 1

ARGUMENT .............................................................................. 4

IF A BUT-FOR STANDARD OF CAUSATION APPLIES, FDA
    SHOULD APPLY IT FIRST. ............................................... 4

    A.    When an Agency Applies the Wrong Legal Standard,
        Courts Generally Must Remand for Application of the
        Right One ....................................................................... 4

    B.    Remand for FDA to Address But-For Causation Would
        Be Warranted in This Case. ........................................... 5

    C.    Norwich's Arguments for Short-Circuiting FDA's
        Review on Remand Are Meritless. .............................. 12

CONCLUSION ......................................................................... 20

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases:**                                                    **Page(s)**

*Burlington Truck Lines, Inc. v. United States,*
371 U.S. 156 (1962) ............................................................ 14

*Calcutt v. FDIC,*
598 U.S. 623 (2023) ........................................................ 5, 11

*Donovan ex rel. Anderson v. Stafford Constr. Co.,*
732 F.2d 954 (D.C. Cir. 1984) ........................................... 16

*Exxon Co., U.S.A. v. Sofec, Inc.,*
517 U.S. 830 (1996) ........................................................... 16

*FDA v. Wages & White Lion Invs., LLC,*
604 U.S. 542 (2025) ................................................ 4, 14, 15

*Fogg v. Ashcroft,*
254 F.3d 103 (D.C. Cir. 2001) ........................................... 16

*Gonzales v. Thomas,*
547 U.S. 183 (2006) ............................................................. 5

*INS v. Orlando Ventura,*
537 U.S. 12 (2002) ..................................................... 5, 6, 15

*Loper Bright Enters. v. Raimondo,*
603 U.S. 369 (2024) ............................................................. 6

*Manin v. National Transp. Safety Bd.,*
627 F.3d 1239 (D.C. Cir. 2011) ......................................... 18

*Nexium (Esomeprazole) Antitrust Litig., In re,*
42 F. Supp. 3d 231 (D. Mass. 2014) ..................................... 9

*Oglala Sioux Tribe v. NRC,*
45 F. 4th 291 (D.C. Cir. 2022) ........................................... 16

*Pacific Gas & Elec. Co. v. FERC,*
113 F.4th 943 (D.C. Cir. 2024) ......................................... 6, 7

*Prohibition Juice Co. v. FDA,*
  45 F. 4th 8 (D.C. Cir. 2022) ............................................ 15, 16

*SEC v. Chenery Corp.,*
  318 U.S. 80 (1943) ...................................................... 4, 14

## Statutes:

21 U.S.C. § 355(j)(2) ....................................................... 9

21 U.S.C. § 355(j)(5)(D)(i)(IV) ...................................... 1, 3, 18

## Other Authorities:

FDA, *Guidance for Industry: ANDA Submissions —*
  *Amendments and Requests for Final Approval to*
  *Tentatively Approved ANDAs* (Dec. 2025),
  https://perma.cc/86P5-D592 .......................................... 19

Henry J. Friendly, Chenery *Revisited: Reflections on*
  *Reversal and Remand of Administrative Orders,*
  1969 Duke L.J. 199 .................................................... 15

## GLOSSARY

| | |
|---|---|
| Actavis | Actavis Laboratories FL, Inc. |
| ANDA | Abbreviated new drug application |
| FDA | Food and Drug Administration |
| Norwich | Norwich Pharmaceuticals, Inc. |

# INTRODUCTION

This case arises out of a determination by the Food and Drug Administration (FDA) that plaintiff Norwich Pharmaceuticals' abbreviated new drug application (ANDA) for generic rifaximin may not receive final approval because the first applicant Actavis Laboratories has not forfeited its eligibility for 180-day generic exclusivity. This supplemental brief concerns the second of two issues raised by Norwich: whether Actavis has forfeited eligibility by failing to obtain tentative FDA approval within 30 months of filing its ANDA. FDA concluded that Actavis had not forfeited eligibility on that ground because its failure to obtain tentative approval as of the 30-month date was "caused by" a change in approval requirements imposed after the date on which its application was filed. *See* 21 U.S.C. § 355(j)(5)(D)(i)(IV).[1] FDA

---

[1] The relevant statutory language excuses forfeiture based on failure to obtain tentative approval if "the failure is caused by a change in *or a review of* the requirements for approval of the application imposed after the date on which the application is filed." 21 U.S.C. § 355(j)(5)(D)(i)(IV) (emphasis added). On the present record, because FDA found that Actavis's failure was caused by one particular change in approval requirements, the agency did not reach the question of whether any review of requirements (or any other change) may have provided an additional sufficient cause. On remand, FDA may also consider whether any deficiencies present in Actavis's ANDA as of the 30-month date were related to a "review of the requirements for

*Continued on next page.*

concluded, and the district court agreed, that the "caused by" standard could be satisfied so long as at least one deficiency in Actavis's application was attributable to a change in approval requirements.

Norwich contends that FDA's approach to causation was contrary to law. Norwich urges in particular that FDA erred by applying a sufficient-cause standard rather than a but-for cause standard.

Following oral argument, the Court on its own motion ordered the parties to file supplemental briefs addressing the following question:

> In the event a but-for standard of causation applies, was the change in FDA approval requirements a but-for cause of Actavis's failure to timely obtain tentative approval of ANDA No. 208959 within 30 months of filing?
>
> In their briefs, the parties may choose to address, among other things, (1) whether this question should be resolved by this court or remanded to FDA to address it in the first instance, and (2) whether any of the parties waived or forfeited arguments related to the question above.

Order (Dec. 12, 2025) (per curiam).

---

approval" by FDA. *See id.* Norwich's supplemental brief, which focuses entirely on whether Actavis's failure to obtain tentative approval was caused by a *change* in approval requirements, elides the fact that a *review* of such requirements may also support a finding of non-forfeiture. Whether such a review excused Actavis's failure to obtain tentative approval in this case depends on analysis FDA has not yet performed and facts that are absent from the present record. *See infra* pp. 11-12, 17-18.

For the following reasons, if this Court holds that but-for causation is required before a failure to obtain tentative approval may be excused under 21 U.S.C. § 355(j)(5)(D)(i)(IV), it should remand to FDA to develop and apply a workable approach to determining but-for causation in the first instance. FDA's litigation conduct has not forfeited application of the ordinary remand rule, and Norwich's arguments for short-circuiting FDA's administration of the 180-day exclusivity provisions are meritless.

The government also respectfully requests that, regardless of its disposition of the "caused by" issue, the Court also address Norwich's alternative argument that FDA should also have found forfeiture on the alternative ground that Actavis failed to market rifaximin. If a remand to FDA is necessary, resolving all the claims that the parties have briefed and argued to this Court would provide important guidance to FDA in this and future cases, and minimize the chance of a duplicative appeal in the future.

# ARGUMENT

## IF A BUT-FOR STANDARD OF CAUSATION APPLIES, FDA SHOULD APPLY IT FIRST.

### A. When an Agency Applies the Wrong Legal Standard, Courts Generally Must Remand for Application of the Right One

It is a "bedrock principle" of administrative law that "when Congress vests an agency with authority to make a determination of policy or judgment," and the agency errs in doing so, "a judicial judgment cannot be made to do service for an administrative [one]." *FDA v. Wages & White Lion Invs., LLC*, 604 U.S. 542, 587 (2025) (quotation marks omitted) (quoting *SEC v. Chenery Corp.* (*Chenery I*), 318 U.S. 80, 88 (1943)). "[A] necessary implication of that principle" is the "remand rule": When a reviewing court cannot sustain an agency's decision based on the agency's own reasoning, the required remedy "except in rare circumstances" is "to remand to the agency for additional investigation or explanation." *Id.* (quotation marks omitted).

The remand rule is just that—a rule, not merely something "courts often [do]." *Cf.* Norwich Suppl. Br. 5. It stems from the fundamental principle that "[a] court of appeals is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed

and to reach its own conclusions based on such an inquiry." *INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (per curiam) (quotation marks omitted). And it is a rule that the Supreme Court has not hesitated to enforce, summarily reversing both court of appeals decisions that had upheld an agency decision on grounds different from those adopted by the agency and court of appeals decisions that entered judgment in favor of the plaintiff without giving the agency an opportunity to resolve issues in the first instance. *See Calcutt v. FDIC*, 598 U.S. 623, 628-30 (2023) (per curiam) (summarily reversing judgment in favor of agency for failure to apply remand rule); *Gonzales v. Thomas*, 547 U.S. 183, 184-87 (2006) (per curiam) (summarily reversing judgment against agency); *Orlando Ventura*, 537 U.S. at 16-18 (same). "The guiding principle . . . is that the function of the reviewing court ends when an error of law is laid bare." *Calcutt*, 598 U.S. at 629 (alteration and quotation marks omitted).

## B. Remand for FDA to Address But-For Causation Would Be Warranted in This Case.

"[E]very consideration that classically supports the law's ordinary remand requirement [would do] so here" if this Court were to hold that but-for causation is required by statute. *Orlando Ventura*, 537 U.S.

at 17. FDA has not yet considered in this case whether Actavis forfeited 180-day exclusivity under whatever fact-intensive analysis a but-for causation standard might call for. Indeed, *no* decisionmaker has *ever* applied such a causation standard to *any* first applicant's failure to obtain tentative approval. An ordinary remand would allow FDA to "bring its expertise to bear upon the matter" of assessing but-for causation in the complex and highly technical process of ANDA review, to "evaluate the evidence" and "make an initial determination" regarding but-for causation in this specific case, and "through informed discussion and analysis, [to] help [this] court later determine whether its decision exceeds the leeway that the law provides." *Id.*

Remand would be warranted here because identifying a particular approach to but-for causation that is both consistent with the statutory text and rationally administrable by FDA will "rest on factual premises" about the ANDA review process that are uniquely within FDA's expertise. *Pacific Gas & Elec. Co. v. FERC*, 113 F.4th 943, 951 (D.C. Cir. 2024) (alteration omitted) (quoting *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 402 (2024)). This Court's decision in *Pacific Gas & Electric Co. v. FERC* is a case in point. *Pacific Gas* concerned a

provision of the Federal Power Act under which one utility may be ordered to transmit power to customers of another who received service as of a certain date. *See id.* at 948. The agency interpreted that provision to cover not only "the customers who were actually receiving service" as of the grandfather date, but also "all subsequently interconnected customers of the same class." *Id.* at 946-47 (quotation marks omitted). This Court vacated that interpretation as contrary to law, holding that the plain meaning of the provision only included the "particular consumer[s]" who received service at the relevant time. *Id.* at 948. It declined, however, to specify how the statute required those consumers to be identified. *Id.* at 951; *cf. id.* at 951-56 (Pan, J., concurring) (proposing more specific "best reading"). Instead, the court remanded for the agency to address the details of how the grandfathering provision should be applied consistent with its judicially-determined plain meaning. The court did so because such further interpretation "may [have] rest[ed] on factual premises within the agency's expertise" in the complex electrical power marketplace. *Id.* at 951 (majority opinion) (quotation marks omitted).

So too here. FDA is the agency charged with administering the 180-day exclusivity provisions and the broader generic drug approval process. It is the decisionmaker most familiar with the types of information that it can—and cannot—access as it reviews an ANDA, and with other practical limitations on its ability to analyze forfeiture under any standard of causation. In the event this Court holds that a but-for causation standard applies, remand would be warranted so that FDA can develop and apply an approach that is administrable under these constraints.

The need for remand if but-for causation applies is further illustrated by the wholly unadministrable standard that Norwich has proposed. Norwich would have FDA assess causation by first imagining that there was no change in the approval requirements for rifaximin and then attempting to reconstruct the hypothetical alternative timeline on which Actavis's ANDA would have been prepared, submitted, reviewed, revised, and approved. *See* Norwich Suppl. Br. 8-10. How fast, in other words, would Actavis have been able to produce an approvable application had there not been a change in approval requirements related to bioequivalence?

Answering that question with something more than guesswork, however, would require extensive information about Actavis's internal capabilities and intentions that FDA does not have and cannot obtain. *See, e.g.*, *In re Nexium (Esomeprazole) Antitrust Litig.*, 42 F. Supp. 3d 231, 267-80, 286-91 (D. Mass. 2014) (reconstructing multiple hypothetical timelines for FDA approval after fact and expert discovery). By law, FDA can only require an ANDA applicant to provide certain specified information about its proposed generic and the facilities that will produce it. 21 U.S.C. § 355(j)(2) (enumerating information that an ANDA must contain and providing that FDA "may not require . . . [other] information in addition"). FDA can do nothing but speculate, for example, as to what alternative manufacturing capacities might be available to an applicant if the agency is unsatisfied with those referenced in the ANDA, *see In re Nexium*, 42 F. Supp. 3d at 270-71, how long an applicant might take to produce new data at FDA's request, *see id.* at 278-79, or how the answers to those questions might have been different in a hypothetical world where an approval requirement did not change during ANDA review. But under Norwich's preferred version of but-for causation, those are exactly the answers at

which FDA would be required to guess. *See, e.g.*, Norwich Suppl. Br. 15-17, 19-21.

Remand would permit FDA to develop a framework for assessing but-for causation that—unlike Norwich's proposal—is administrable under these constraints. One possibility would be an approach that does not demand speculative reconstruction of a hypothetical ANDA review but focuses instead on any deficiencies that actually existed and would have prevented approval as of the first applicant's 30-month date. Under this approach, FDA could ask whether one or more such deficiencies were *not* excusable for forfeiture purposes because they did *not* relate to a change in or review of the requirements for approval. Thus, if approval was precluded as of the 30-month date for one reason that could be traced to a change in or review of requirements, but was also precluded on another basis independent of any such change or review, FDA would conclude that a forfeiture occurred because on the statutorily relevant date, the excusable deficiency was not a but-for cause of the ANDA's non-approvability. That would be a departure from the approach FDA previously took in this case, under which the existence of one deficiency sufficient to prevent approval and traceable

to a change in requirements was enough to preclude a finding of forfeiture for failure to obtain tentative approval.

If this Court determines that but-for causation is required, it should remand for FDA to develop and apply this or another administrable approach to but-for causation in the first instance. *See Calcutt*, 598 U.S. at 628, 630 (summarily reversing where court of appeals erred, *inter alia*, by affirming agency's imposition of a monetary penalty on the basis of a "proximate cause standard" that the agency never applied itself).

Remand would also be warranted because the present record is inadequate to assess forfeiture under any but-for causation framework. At bottom, the current record reflects two factual findings by FDA: First, as of the 30-month date Actavis's ANDA included ███████ ██████████████████████████████████ that were sufficient to prevent approval. JA361, JA511-12, JA565-67. Second, one of those deficiencies—a lack of *in vitro* dissolution studies designed to show bioequivalence—was related to a specific change in the requirements for approval. JA361-63, JA511-12. FDA did not make any determinations regarding whether any of the ANDA's *other* deficiencies were related to

any change in or review of approval requirements. *See* JA363 (explaining that under FDA's sufficient-cause approach it was "unnecessary to determine whether any additional bases for non-forfeiture exist").

In short, the agency should be permitted to develop a framework for assessing but-for causation in the context of 180-day exclusivity and then to apply that framework in this case. Because none of that analysis has been done, this does not present the rare case in which a result other than remand is appropriate when the agency is determined to have erred.

## C. Norwich's Arguments for Short-Circuiting FDA's Review on Remand Are Meritless.

Norwich opposes application of the remand rule on two grounds. First, Norwich asserts that FDA, through its litigation conduct, forfeited its chance to consider but-for causation by failing to argue that the agency's initial failure to do so was harmless. Second, Norwich argues that remand on but-for causation would be pointless because the result is preordained. Neither argument justifies departing from an ordinary remand in this case.

**1.** FDA has not forfeited application of the remand rule as to but-for causation. To begin with, the agency expressly argued to the district court that if Norwich prevailed, "the ordinary and proper remedy would be . . . remand to FDA for further proceedings in accord with [that] judgment," so that the agency can "correct any error in a workable and lawful manner." Dkt. 61 at 31 (Add179).[2] FDA's explicit request for an opportunity to "*correct any error*" on remand, *id.* (emphasis added), belies Norwich's assertion that FDA was referring only to the possibility that a remand would "address[] other unrelated issues" not presented in the current litigation, Norwich Suppl. Br. 11 (emphasis omitted).

Nor did FDA forfeit application of the remand rule in the agency's brief to this Court. Norwich's argument appears to be that once it asserted that FDA would have found forfeiture under a but-for causation standard—in other words, that FDA's erroneous failure to do so was not harmless—the government was obliged to argue the opposite to preserve the agency's ability to apply that standard on remand. Norwich Suppl. Br. 12-13. But as noted above, the cases applying the

---

[2] Citations to "Add___" are to the addendum filed in support of Norwich's supplemental brief.

remand rule have emphasized that it is distinct from the doctrine of harmless error. *See Wages*, 604 U.S. at 589 (refusing to adopt view of harmfulness that "might swallow the remand rule"). In fact, an argument that error is harmless is irreconcilable with an argument that remand is appropriate, as a harmless-error finding would lead to an affirmance of the agency's decision rather than a remand.

Moreover, it would turn *Chenery* on its head to treat the remand rule as forfeited unless litigation counsel first previews future proceedings to the court's satisfaction. For one thing, the remand rule is meant to prevent—not require—judicial review of "appellate counsel's *post hoc* rationalizations." *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168-69 (1962). But even more fundamentally, Norwich errs by treating the remand rule as an agency privilege that government counsel must preserve, rather than a limitation on judicial review that the court is independently bound to respect. *Chenery I*, 318 U.S. at 88 ("If an order is valid only as a . . . judgment which the agency alone is authorized to make and which it has not made . . . , an appellate court cannot intrude upon the domain which Congress has exclusively entrusted to an administrative agency.").

**2.** Norwich has likewise failed to establish that remand is unwarranted on the ground that "there is not the *slightest* uncertainty as to the outcome." *See* Norwich Suppl. Br. 5-8, 14-21 (emphasis added) (quoting *Prohibition Juice Co. v. FDA*, 45 F. 4th 8, 24 (D.C. Cir. 2022)). As the Supreme Court has emphasized, this exception to the remand rule applies only in "rare circumstances." *Orlando Ventura*, 537 U.S. at 16-17 (quotation marks omitted). A broader application would swallow the general rule that a reviewing court "is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." *Id.* at 16 (quotation marks omitted); *see also Wages*, 604 U.S. at 591 (explaining that the "core of the remand rule" is that a court should generally remand even if it finds a "strong" possibility that the agency will reach a particular result (quoting Henry J. Friendly, Chenery *Revisited: Reflections on Reversal and Remand of Administrative Orders,* 1969 Duke L.J. 199, 222)).

This case does not present the sort of "rare circumstances" where remand is unnecessary. *Orlando Ventura*, 537 U.S. at 16-17 (quotation marks omitted). For one thing, remand here would not present a

"purely legal" question with one "clearly correct" answer. *Oglala Sioux Tribe v. NRC*, 45 F. 4th 291, 303-04 (D.C. Cir. 2022); *see also, e.g.*, *Fogg v. Ashcroft*, 254 F.3d 103, 111-12 (D.C. Cir. 2001) (declining to remand where agency's reasoning was flawed but its ultimate decision was "not only right but legally inevitable"). But-for causation is a quintessential question of fact. *See Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 830, 840-41 (1996). And to the extent FDA would also need to develop an administrable framework for answering that question, the best approach is hardly so obvious that it would make sense to short-circuit FDA's application of its expertise. *See supra* pp. 6-10 (explaining that determining proper but-for causation standard would be bound up with factual premises with which FDA is uniquely familiar).

Nor is this a case where remand would ask the agency to decide a factual question that the current record already establishes has only one possible answer. *See, e.g.*, *Prohibition Juice*, 45 F.4th at 25 (no remand when materials agency previously failed to consider were already "in the record for all to read" and clearly "vindicate[d]" the agency's original views); *Donovan ex rel. Anderson v. Stafford Constr. Co.*, 732 F.2d 954, 961 (D.C. Cir. 1984) (no remand where record already

contained "all the evidence bearing upon the issue" that would be presented on remand, and "only one conclusion would be supportable" by that evidence).

Even under the sort of administrable approach to but-for causation that FDA might apply on remand, this Court would still lack a record that speaks to the central factual question—were any of the deficiencies that prevented approval of Actavis's ANDA as of the 30-month date *not* related to a change in or review of approval requirements? *See supra* pp. 11-12. Still greater factual development beyond the present record would be required if this Court were to adopt Norwich's sprawling hypothetical-world approach to causation. *See supra* pp. 8-10. Indeed, even Norwich seems to think so, citing to an extra-record document that briefly refers to more than four years of inspectional history, and asking the Court to infer that one of Actavis's facilities therefore could not have been timely brought into an approvable condition. *See* Norwich Suppl. Br. 20-21.

Norwich also ignores that on remand FDA would have to address questions regarding forfeiture that the agency has not yet reached. It urges that the only question is whether "Actavis would have obtained

tentative approval by June 18, 2018, but-for [deficiencies related to] *the new comparative-dissolution requirement*." Norwich Suppl. Br. 14 (emphasis added); *see also id.* at 14-21 (discussing additional deficiencies). But FDA has not yet had a chance to consider whether there was any other "change in or . . . review of the requirements for approval," let alone whether any such change or review was a but-for cause of Actavis's failure to obtain tentative approval. 21 U.S.C. § 355(j)(5)(D)(i)(IV). Perhaps no other such change or review exists. But the issue has not been resolved by FDA because the agency has not considered it, given that the existence of one change preventing approval on the 30-month date was already sufficient to preclude forfeiture under FDA's longstanding sufficient-cause standard. And even if the court could as a legal matter resolve the issue for itself, the record still would not include sufficient information for it to do so now.

FDA should have the opportunity to address this issue on remand along with any others that might arise. At minimum, the record is inadequate to conclude that "there is not the *slightest* uncertainty" as to the result. *See Manin v. National Transp. Safety Bd.*, 627 F.3d 1239, 1242-43 & n.1 (D.C. Cir. 2011) (emphasis added) (quotation marks

omitted) (remanding for consideration of laches defense initially rejected on legally erroneous threshold grounds even though the petitioner had presented it only in "vague and conclusory terms" that agency would probably have been justified in rejecting on the merits in the first instance).

Finally, given the matters of first impression that would be presented by such a remand, the government opposes any definite time limit for final action on Norwich's ANDA. *Cf.* Norwich Suppl. Br. 22 (requesting order that FDA take final action within 14 days). Any time limit that is set, however, should be no shorter than the 90 days FDA would typically take to evaluate a request for final ANDA approval. *See* FDA, *Guidance for Industry: ANDA Submissions — Amendments and Requests for Final Approval to Tentatively Approved ANDAs* 7-8 (Dec. 2025), https://perma.cc/86P5-D592.[3]

---

[3] "A request for final approval [of an ANDA that has been in tentative approval status for fewer than three years] that contains no new data, information, or other changes to the ANDA is considered a *minor amendment.* FDA generally assesses these minor amendments within 3 months. Accordingly, ANDA applicants should submit such a request for final approval as a minor amendment no later than 3 months before the date on which the applicant is seeking final approval."

## CONCLUSION

For the foregoing reasons and those stated in the government's principal brief, the judgment of the district court should be affirmed. In the event this Court holds that a but-for standard of causation applies, after this Court resolves the other issue in the case regarding failure-to-market forfeiture, the case should be remanded to the district court with instructions to remand to FDA for further proceedings consistent with this Court's opinion.

Respectfully submitted,

BRETT A. SHUMATE
   *Assistant Attorney General*

*Of Counsel:*

DANIEL TENNY

MICHAEL B. STUART
   *General Counsel*
   *U.S. Department of Health and*
     *Human Services*

 */s/ Gabriel I. Schonfeld*
GABRIEL I. SCHONFELD
   *Attorneys, Appellate Staff*
   *Civil Division, Room 7219*

SEAN R. KEVENEY
   *Chief Counsel*
   *Food and Drug Administration*

   *U.S. Department of Justice*
   *950 Pennsylvania Avenue NW*
   *Washington, DC 20530*

WENDY VICENTE
   *Deputy Chief Counsel, Litigation*

   *(202) 514-3306*
   *gabriel.i.schonfeld@usdoj.gov*

JAMES ALLRED
   *Senior Counsel*
   *Food and Drug Administration*
   *10903 New Hampshire Ave.*
   *White Oak 31*
   *Silver Spring, MD 20993-0002*

January 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2026, I served counsel for all parties 1) with the public version of the foregoing brief through the Court's CM/ECF system and 2) with the confidential version of the foregoing brief by secure electronic file transfer.

*/s/ Gabriel I. Schonfeld*
Gabriel I. Schonfeld

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limit of this Court's December 12, 2025 supplemental briefing order because it contains 3,915 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Century Schoolbook 14-point font, a proportionally spaced typeface.

*/s/ Gabriel I. Schonfeld*
Gabriel I. Schonfeld