ARGUED DECEMBER 11, 2025
No. 25-5137

# United States Court of Appeals
# for the District of Columbia Circuit

NORWICH PHARMACEUTICALS, INC.,

*Plaintiff-Appellant*,

v.

ROBERT F. KENNEDY, JR., IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES; DR. MARTIN A. MAKARY, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF FOOD AND DRUGS; UNITED STATES FOOD AND DRUG ADMINISTRATION,

*Defendants-Appellees*,

TEVA PHARMACEUTICALS, INC.; SALIX PHARMACEUTICALS, INC.;

*Intervenors for Defendants-Appellees*,

On Appeal from the United States District Court for the District of Columbia, No. 1:25-cv-91 (Hon. Beryl A. Howell.)

## APPELLANT NORWICH PHARMACEUTICALS, INC.'S OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS BRIEF

Matthew S. Murphy
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860) 275-8100
mmurphy@axinn.com

Nicholas L. Schlossman
LATHAM & WATKINS LLP
300 Colorado Street, Suite 2400
Austin, TX 78701
(737) 910-7314
nicholas.schlossman@lw.com

Andrew D. Prins
Rachael L. Westmoreland
Lia Rose Barrett
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200
andrew.prins@lw.com
rachael.westmoreland@lw.com
lia.barrett@lw.com

*Counsel for Appellant
Norwich Pharmaceuticals, Inc.*

January 30, 2026

1. Appellant Norwich respectfully opposes as untimely and prejudicial the motion of the Association for Accessible Medicines (the "Association") for leave to file an *amicus curiae* brief in support of Appellees.

2. Intervenor-Appellee Teva (Actavis) is the largest member of the Association, sits on the Association's Board (through Teva's Head of U.S. Commercial Generics), and previously served (through Teva's U.S. Chief Operating Officer for Generics) as the Association's immediate past Chair of the Board.[1]

3. The Association has serially submitted *amicus* briefs supporting Teva in recent years, with the Association often represented by Teva's counsel in this case.

4. Although the Association's motion represents that Teva did not fund or author the proposed amicus brief, it does not state whether or not Teva was walled off from the Association's consideration of this matter.

5. In any event, this Circuit requires that amicus briefs shall be filed "no later than 7 days after the principal brief of the party being supported is filed." Fed. R. App. P. 29(a)(6); *see also* Cir. R. 29(c) (adopting Federal Rule of Appellate Procedure time limit).

---

[1] *See* Ass'n for Accessible Meds., *Our Members*, https://accessiblemeds.org/about/our-members/ (last visited Jan. 30, 2026); *see also* Press Release, Ass'n for Accessible Meds., *Christine Baeder Named Chair of the Association for Accessible Medicines Board of Directors* (Feb. 14, 2023), https://accessiblemeds.org/resources/press-releases/christine-baeder-named-chair-association-accessible-medicines-board/.

1

6. Principal briefs for Appellees in this case were filed on September 17, 2025, so the deadline for the filing of *amicus* briefs lapsed on September 24, 2025.

7. The Association's brief was not filed by September 24, 2025 and is therefore untimely. *See, e.g.*, Order, *Am. Water Works Ass'n v. EPA*, No. 24-1188 (D.C. Cir. Jan. 21, 2026) (denying *amicus* motion as untimely); Order, *Fontem US, LLC v. FDA*, No. 22-1076 (D.C. Cir. Jan. 24, 2023) (same); Order, *Air Transport Ass'n of Am., Inc. v. FAA*, No. 18-1157 (D.C. Cir. Nov. 9, 2018) (same).

8. The Court did not invite submission of *amicus curiae* briefs in connection with the Parties' supplemental briefs. *See* Order (Dec. 12, 2025).

9. This makes sense, because the Court invited briefing on the case-specific question of whether "the change in FDA approval requirements [comparative dissolution studies] [was] a but-for cause of Actavis's failure to timely obtain tentative approval of ANDA No. 208959 within 30 months of filing." *Id.*

10. That question depends upon the record concerning *Actavis's* ANDA, which has been filed with the Court under seal and is not available to the public.

11. The Association's proposed brief does not (and, in light of sealed information, cannot) address this question and is therefore largely irrelevant to the issues addressed by the parties in their supplemental briefing.

12. Instead, the Association's proposed brief primarily reargues the merits, *i.e.*, arguing that the Court should not adopt a but-for causation standard.

13. The issue of whether but-for causation applies was briefed from August 18 to October 29, 2025, argued on December 11, 2025, and submitted at that time.

14. The Association's effort to reopen argument on that submitted issue three months after briefing has closed—and over one month after oral argument—highlights the untimely nature of the proposed brief.

15. Even if such supplemental *amicus* briefs were otherwise proper absent invitation by the Court, this one was filed less than 48 hours before Norwich's final supplemental reply brief is due.

16. In light of the tight timing and page limits governing Norwich's supplemental reply brief, Norwich is unable to respond to the proposed *amicus* brief in its supplemental reply brief, due today at 4 p.m.

17. Accepting the uninvited *amicus* brief for filing therefore would be unfairly prejudicial to Norwich.

18. Accordingly, the Association's untimely and prejudicial motion should be denied.

| Dated: January 30, 2026 | Respectfully submitted, |
|---|---|
| | */s/ Andrew D. Prins* |
| Matthew S. Murphy | Andrew D. Prins |
| AXINN, VELTROP & HARKRIDER LLP | Rachael L. Westmoreland |
| | Lia Rose Barrett |
| 90 State House Square | LATHAM & WATKINS LLP |
| Hartford, CT 06103 | 555 Eleventh Street, NW |
| (860) 275-8100 | Suite 1000 |
| mmurphy@axinn.com | Washington, DC 20004 |
| | (202) 637-2200 |
| | andrew.prins@lw.com |
| | rachael.westmoreland@lw.com |
| | lia.barrett@lw.com |
| | |
| | Nicholas L. Schlossman |
| | LATHAM & WATKINS LLP |
| | 300 Colorado Street |
| | Suite 2400 |
| | Austin, TX 78701 |
| | (737) 910-7314 |
| | nicholas.schlossman@lw.com |

*Counsel for Appellant Norwich Pharmaceuticals, Inc.*

# CERTIFICATE OF COMPLIANCE

The foregoing opposition is in 14-Point Times New Roman proportional font and contains 614 words and thus is in compliance with the type-volume limitation set forth in Federal Rule of Appellate Procedure 27(d)(2)(A) and D.C. Circuit Rule 27(a)(2).

<i>/s/ Andrew D. Prins</i><br>
Andrew D. Prins

# CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2026, I electronically filed the foregoing opposition with the United States Court of Appeals for the District of Columbia Circuit through the Court's CM/ECF system. All parties are represented by registered CM/ECF users and will be served by the CM/ECF system.

                                          */s/ Andrew D. Prins*
                                          Andrew D. Prins