# United States Court of Appeals
# for the District of Columbia Circuit

NORWICH PHARMACEUTICALS, INC.,

*Plaintiff-Appellant*,

v.

ROBERT F. KENNEDY, JR., IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE
DEPARTMENT OF HEALTH AND HUMAN SERVICES; DR. MARTIN A. MAKARY, IN HIS
OFFICIAL CAPACITY AS COMMISSIONER OF FOOD AND DRUGS; UNITED STATES FOOD
AND DRUG ADMINISTRATION,

*Defendants-Appellees*,

TEVA PHARMACEUTICALS, INC.; SALIX PHARMACEUTICALS, INC.,

*Intervenors for Defendants-Appellees*.

On Appeal from the United States District Court for the District of Columbia,
No. 1:25-cv-91 (Hon. Beryl A. Howell)

## SUPPLEMENTAL REPLY BRIEF OF APPELLANT
## NORWICH PHARMACEUTICALS, INC.
## PUBLIC COPY—SEALED MATERIAL DELETED

Matthew S. Murphy
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860) 275-8100
mmurphy@axinn.com

Nicholas L. Schlossman
LATHAM & WATKINS LLP
300 Colorado Street, Suite 2400
Austin, TX 78701
(737) 910-7314
nicholas.schlossman@lw.com

January 30, 2026

Andrew D. Prins
Rachael L. Westmoreland
Lia Rose Barrett
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200
andrew.prins@lw.com
rachael.westmoreland@lw.com
lia.barrett@lw.com

*Counsel for Appellant*
*Norwich Pharmaceuticals, Inc.*

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rule 28(a)(1), the undersigned counsel certifies as follows:

## A.    Parties and Amici

Appellant Norwich Pharmaceuticals, Inc. was plaintiff in the case below.

Appellees Robert F. Kennedy, Jr., Secretary of the Department of Health and Human Services; Martin Makary, Commissioner of Food and Drugs; and the United States Food and Drug Administration were defendants in the case below. Individuals sued in their official capacities have been substituted.

Salix Pharmaceuticals, Inc. and Teva Pharmaceuticals USA, Inc. intervened in support of defendants below and remain intervenors in this appeal.

There were no other parties, intervenors, or amici before the district court, and no amici have appeared in this Court.

## B.    Ruling Under Review

The final judgment under review is the Order granting the Government Defendants' and Intervenor-Defendants' Cross-Motions for Summary Judgment and denying Plaintiff's Motion for Summary Judgment (Apr. 17, 2025), JA301-02 (Dkt. 81); *see also* JA303 (Dkt. 83) (Clerk's judgment). The judgment was supported by a Memorandum Opinion (Apr. 17, 2025), JA304-45, 769-810 (Dkts. 82, 86). The

district court's opinion is available at *Norwich Pharmaceuticals, Inc. v. Kennedy*, No. 1:25-cv-091, 2025 WL 1148463 (D.D.C. Apr. 18, 2025) (Howell, J.).

## C. Related Cases

This case has not been previously before this Court. This case involves substantially the same parties and similar issues as *Norwich Pharmaceuticals, Inc. v. Kennedy*, No. 23-5311 (D.C. Cir.). Oral argument was held in both cases on December 11, 2025.

The following cases also involved the same parties and similar or related issues: *Salix Pharmaceuticals, Ltd. v. Norwich Pharmaceuticals Inc.*, 98 F.4th 1056 (Fed. Cir.), *cert. denied*, 145 S. Ct. 567, *and* 145 S. Ct. 983 (2024); *Salix Pharmaceuticals, Inc., et al. v. Norwich Pharmaceuticals, Inc., et al.*, No. 1:24-cv-7140 (D.N.J. filed June 20, 2024).

/s/ *Andrew D. Prins*
Andrew D. Prins

*Attorney for Appellant*
*Norwich Pharmaceuticals, Inc.*

**RULE 26.1 CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rule 26.1, Appellant Norwich Pharmaceuticals, Inc. certifies that the following are parent companies, subsidiaries, affiliates, or companies which directly or indirectly own at least 10% of the stock of Norwich Pharmaceuticals, Inc.: Alvogen Pharma US, Inc.; Lotus Pharmaceutical Co., Ltd.

/s/ *Andrew D. Prins*
Andrew D. Prins

*Attorney for Appellant*
*Norwich Pharmaceuticals, Inc*

# TABLE OF CONTENTS

Page

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES .............i

RULE 26.1 CORPORATE DISCLOSURE STATEMENT.................................. iii

TABLE OF AUTHORITIES .....................................................................v

GLOSSARY....................................................................................vi

INTRODUCTION ..............................................................................1

ARGUMENT ....................................................................................3

I.    APPELLEES FORFEITED AND CONCEDED THAT OTHER
      OUTCOMES ARE POSSIBLE ON REMAND ............................................3

II.   APPELLEES' ARGUMENTS FOR REMAND FAIL .................................6

      A.    FDA's Arguments For Remand Fail .....................................6

      B.    Intervenors' Arguments For Remand Fail ...........................7

CONCLUSION .................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Checkosky v. SEC*,
139 F.3d 221 (D.C. Cir. 1998)............................................................5

*Clifton Power Corp. v. FERC*,
88 F.3d 1258 (D.C. Cir. 1996)............................................................4

*Davis v. District of Columbia*,
925 F.3d 1240 (D.C. Cir. 2019)............................................................4

*George A. Hormel & Co. v. NLRB*,
962 F.2d 1061 (D.C. Cir. 1992)............................................................3, 5

*George Hyman Construction Co. v. Brooks*,
963 F.2d 1532 (D.C. Cir. 1992)............................................................6

*Huff v. Vilsack*,
195 F. Supp. 3d 343 (D.D.C. 2016)............................................................5

*International Longshore & Warehouse Union v. NLRB*,
971 F.3d 356 (D.C. Cir. 2020)............................................................4

*Morgan Stanley Capital Group Inc. v. Public Utility District No. 1*,
554 U.S. 527 (2008)............................................................1

*National Association of Regulatory Utility Commissioners v. DOE*,
736 F.3d 517 (D.C. Cir. 2013)............................................................5

*Prohibition Juice Co. v. FDA*,
45 F.4th 8 (D.C. Cir. 2022)............................................................3, 5

## STATUTES

21 U.S.C. § 355(j)(5)(A)............................................................6, 12

21 U.S.C. § 355(j)(5)(B)............................................................6, 12

21 U.S.C. § 355(j)(5)(D)(i)(IV)............................................................1, 3, 7

# GLOSSARY

| Abbreviation/acronym | Description |
|---|---|
| Actavis | Actavis Laboratories FL, Inc. |
| ANDA | abbreviated new drug application |
| Norwich | Norwich Pharmaceuticals, Inc. |
| Salix | Salix Pharmaceuticals, Inc. |
| Teva | Teva Pharmaceuticals USA, Inc. |

## INTRODUCTION

This Court should conclude that Actavis forfeited any exclusivity by failing to timely obtain tentative approval. Actavis failed to obtain tentative approval within 30 months of filing and thus forfeited its exclusivity unless a "change in" or "review of" requirements was a but-for cause of its failure. 21 U.S.C. § 355(j)(5)(D)(i)(IV). No Appellee contends that FDA's new comparative-dissolution study requirement *was* a but-for cause of Actavis's failure. That is unsurprising, because such studies undisputedly take mere days to conduct, and Actavis still has not obtained tentative approval over 7.5 years after the 30-month deadline.

Appellees instead propose open questions that FDA could address on remand, primarily, whether FDA could excuse Actavis's forfeiture due to some *other* change in or review of requirements that FDA might or might not now determine was a but-for cause. FDA Br. 18 (acknowledging that "perhaps no other such change or review exists"). But Appellees cannot use the remand rule to "convert judicial review of agency action into a ping-pong game." *Morgan Stanley Cap. Grp. Inc. v. Pub. Util. Dist. No. 1*, 554 U.S. 527, 545 (2008). Everyone agrees that remand is only warranted where more than one outcome is possible on remand. The only outcome possible here is forfeiture.

If another outcome on remand were possible, one would think at least one of the Appellees would have said so at some point prior to this Court issuing a

supplemental briefing order asking Appellees to assume they lose on their legal theory. Norwich has consistently argued that independent scientific deficiencies prevented and still prevent Actavis's tentative approval, precluding any finding of but-for causation due to a change in or review of requirements. Appellees never responded to or contested those arguments, and thus conceded and forfeited them. Actavis *expressly* conceded that independent deficiencies precluded its approval. Teva Br. 45 & n.11. Given these forfeitures and concessions, the only outcome possible if but-for causation applies is forfeiture. And, in any event, Appellees' late-breaking arguments for remand also fail on their merits.

A swift resolution is needed now: Consumers are losing millions of dollars each month without generic rifaximin on the market. This Court should conclude that Actavis forfeited any 180-day exclusivity, reverse with direction for the district court to grant Norwich summary judgment, issue the mandate forthwith, and order FDA to act on Norwich's '370 ANDA within 14 days of the mandate's issuance. Alternatively, if the Court finds remand warranted, it should decline FDA's invitation for an unlimited, indeterminate remand and instead require FDA to reevaluate its failure-to-obtain-tentative-approval decision and act on Norwich's '370 ANDA within 14 days of the mandate's issuance.[1]

---

[1] No party has objected to Norwich's request to issue the mandate forthwith.

# ARGUMENT

## I.   APPELLEES FORFEITED AND CONCEDED THAT OTHER OUTCOMES ARE POSSIBLE ON REMAND

Everyone agrees the remand rule applies only if there is more than one potential outcome.  *See Prohibition Juice Co. v. FDA*, 45 F.4th 8, 24 (D.C. Cir. 2022) (party must show "uncertainty as to the outcome"); *George A. Hormel & Co. v. NLRB*, 962 F.2d 1061, 1066 (D.C. Cir. 1992) (similar).  Because Appellees forfeited and conceded any argument that independent deficiencies *would not* have precluded tentative approval under the appropriate but-for standard, there cannot be any outcome other than forfeiture on remand.

There is no dispute that Actavis failed to obtain tentative approval within 30 months of filing, triggering a forfeiture event unless excused.   21 U.S.C. § 355(j)(5)(D)(i)(IV).  Accordingly, there is uncertainty as to the outcome on remand only if "the failure is caused by a change in or a review of the requirements for approval of the application."  *Id.*

Below and on appeal, Norwich argued that:  (1) § 355(j)(5)(D)(i)(IV) requires that FDA's "change in" or "review of" a requirement be a *but-for* cause of the failure; (2) independent scientific deficiencies would have precluded Actavis's ANDA's approval as of June 18, 2018, irrespective of a change in or review of requirements; and thus (3) Actavis forfeited any exclusivity.  Norwich Add.162-70; Opening Br. 48-55, 58.  Although Appellees contested but-for causation applies, they never

disputed Norwich's arguments that no such but-for cause excused Actavis's forfeiture because independent deficiencies precluded approval as of June 18, 2018. Norwich Add.173-78, 205-09, 276-85; FDA Br. 43-51; Teva Br. 43-52.

By failing to respond to or contest Norwich's arguments below, Appellees forfeited their ability to contest them here. *See Davis v. Dist. of Columbia*, 925 F.3d 1240, 1255 (D.C. Cir. 2019). Appellees also repeated those forfeitures and concessions before *this* Court. *See Int'l Longshore & Warehouse Union v. NLRB*, 971 F.3d 356, 363 (D.C. Cir. 2020) ("failing to respond" to argument "forfeit[s] any counterargument"); *Clifton Power Corp. v. FERC*, 88 F.3d 1258, 1267 (D.C. Cir. 1996) (taking "point to be conceded" where agency failed to respond to argument).

Indeed, Actavis *expressly* conceded that independent deficiencies precluded its timely tentative approval. Teva Br. 45 & n.11. Actavis now tries to argue (at 12) that it was characterizing *Norwich's* position, but that is not what Actavis actually said. *Id.* Actavis is equally wrong (at 11) that vaguely gesturing to a desire for remand on "any error" or to possible "alternative grounds" for affirmance suffices to respond to or dispute Norwich's arguments. *Infra* at 5 (discussing forfeiture standard). For its part, Salix did not even brief causation on appeal.

Given Appellees' forfeitures and concessions that Actavis would have failed to meet the 30-month deadline independent of a change (or review) of requirements, there is only one possible result: Forfeiture. No remand is required.

FDA posits (at 13-14) that the remand rule is an exception to the normal rules of forfeiture and concession, akin to defects in subject matter jurisdiction or standing. FDA's argument is off-base. Norwich is not simply arguing that Appellees forfeited application of the remand rule; Norwich is arguing that Appellees forfeited and conceded the *legal and factual predicates* that would warrant the remand rule's application *in this case*. *Supra* at 3-4. Courts have repeatedly *reversed*, refused remand, and directed agency action where the parties' briefing and record evidence, as here, show the result on remand is preordained. *Nat'l Ass'n of Regul. Util. Comm'rs v. DOE*, 736 F.3d 517, 520-21 (D.C. Cir. 2013) (reversing agency and directing agency action because remand would not "serve any purpose"); *Checkosky v. SEC*, 139 F.3d 221, 227 (D.C. Cir. 1998) (reversing and directing agency action); *Huff v. Vilsack,* 195 F. Supp. 3d 343, 362-63 (D.D.C. 2016) (Brown Jackson, J.) (collecting cases); *see also George A. Hormel & Co.*, 962 F.2d at 1066 (similar); Norwich Suppl. Br. 6-7 (discussing *George Hyman*, *Dole*, *Brock*, *Donovan*, and *Da Silva*). Given the remand rule is non-jurisdictional and dependent on the facts, record, and law as presented in a given case, it is a matter for which the adversarial process demands that Appellees respond to Norwich's arguments concerning those very factual and legal predicates to avoid forfeiture. *Cf. Prohibition Juice*, 45 F.4th at 24-25 (affirming and finding remand inappropriate where party "forfeited" arguments for different outcome).

## II.   APPELLEES' ARGUMENTS FOR REMAND FAIL

FDA's own conclusion that independent scientific deficiencies precluded approval of Actavis's ANDA as of June 18, 2018 should be dispositive.  JA362-63, 512, 566-67.  Actavis's ANDA clearly would not have been tentatively approved by June 18, 2018, with or without any change in (or review of) requirements.  *Id.*

Appellees raise several arguments to try to overcome FDA's own conclusions and introduce uncertainty.  But Appellees never identify any record *evidence*, or any specific evidence that needs to be developed, that would actually warrant a different result.  Appellees' rank speculation does not compel remand.

### A.   FDA's Arguments For Remand Fail

FDA principally argues (at 6-12) that it should be granted an indeterminate remand to develop a framework for an "administrable" but-for test.  While FDA is free to develop such a framework on its own time, that has nothing to do with this case, where Actavis forfeited any exclusivity *in 2018* and the deadline for final approval of Norwich's ANDA lapsed long ago.  *See* 21 U.S.C. § 355(j)(5)(A), (B).

There is no reason for Norwich's ANDA to disappear back into a black hole for months or years while FDA develops a standard for *other* cases, when the result *here* is clear.  *See George Hyman Constr. Co. v. Brooks*, 963 F.2d 1532, 1539-40 (D.C. Cir. 1992) (reversing and refusing remand because a "cleaner and clearer [case] could not be asked for than we are presented with here").

As FDA correctly suggests (at 10), to find for Actavis, FDA would need to conclude—at minimum—that *every one* of the independent scientific deficiencies precluding approval as of June 18, 2018 arose from a qualifying change in (or review of) FDA requirements. 21 U.S.C. § 355(j)(5)(D)(i)(IV). ***No one argues that was the case here***. Rather, FDA acknowledges (at 18) that "[p]erhaps no other such change or review exists." Nor does *any* Appellee *argue*, or identify any evidence, existing or that needs to be developed, demonstrating *all deficiencies* arose from changes in (or reviews of) requirements. None of that supports remand.

## B. Intervenors' Arguments For Remand Fail

Intervenors contend that some of the deficiencies that FDA identified as of June 18, 2018 were not really deficiencies, or that *one* of those deficiencies might be the product of a change in FDA requirements. Those arguments also fail.

**Bioequivalence Studies With Clinical Endpoints**: FDA found that, as of June 18, 2018, Actavis failed to submit a required bioequivalence study with a clinical endpoint in its then-operative May 2018 ANDA resubmission, despite such studies having been required since 2012. JA566-67. FDA does not dispute this.

Actavis, however, argues (at 4-6) that: FDA's requirements for clinical endpoint studies changed in 2017; there *was no* clinical endpoint requirement; and FDA permitted Actavis to ██████████████ in response to FDA's changes. Not so. Here is what actually happened: At *all relevant times*, both prior to and

after 2017, FDA required a clinical endpoint study *for Actavis's specific drug*. JA385-86 (pre-2017); JA480-81; JA511-12 (post-2017). In 2017, FDA created a new, easier option to avoid a clinical endpoint study *if and only if* the generic rifaximin drug was *exactly identical* to Salix's branded drug (known as "Q1/Q2" equivalence). JA480-81; JA511-12. But Actavis *did not qualify* for that new option, because its drug was *not* Q1/Q2 identical to Salix's drug. JA537, 540, 543, 566-67.

So Actavis had two options in 2017 and 2018: (1) Run a bioequivalence study with clinical endpoints on its *non*-identical drug as FDA had *always* required, or (2) reformulate its drug to be Q1/Q2 to Salix's drug and *not* run this study. *Id.* Actavis refused *both* options, insisting that FDA approve Actavis's drug *without* a clinical endpoint study, despite it concededly *not* being Q1/Q2. *Id.* By refusing to comply with *either* of FDA's pathways and standing on its deficient ANDA, Actavis failed to timely obtain tentative approval and forfeited its exclusivity. *Id.*

Actavis's related argument (at 6) that *Norwich* did not conduct a clinical endpoint study is a *non sequitur*: Unlike Actavis, Norwich *complied* with FDA's requirements and made a drug that is Q1/Q2 to Salix's. Actavis disputes that it "cut the line," but these facts show precisely *how* it did so: Actavis rushed to file its

ANDA and refused to conduct the expensive clinical endpoint study FDA required, and would still require today, for *its then non-identical (Q1/Q2) drug*.[2]

Actavis quibbles (at 5) that in 2017, FDA updated its requirement for a clinical endpoint study to provide for testing of 550 mg, rather than 200 mg rifaximin. But that is totally irrelevant: Actavis refused to conduct a clinical endpoint study under any circumstances, *regardless* of the dosage. *See, e.g.*, JA389 n.3, 360 n.6, 476 (refusing 200 mg); JA537, 540, 543, 363 n.14, 566-67, 780-81 (refusing 550 mg). This is like arguing, "I didn't eat lunch because the cafeteria switched out the chicken for pork," when that person *is a vegan.*

**Quality Deficiencies**: **(1)** FDA instructed Actavis in May 2017 that it must

████████████████████████████████████████████████████████

In its May 2018 ANDA resubmission, ████████████████████████████

████████████████████████████████████ No one argues this requirement to ensure Actavis's drug was free of microbes was a "change in" or "review of" FDA requirements. Instead, Actavis tries (at 8-9) to piggyback the microbial controls *onto* the change in comparative dissolution studies, speculating that because FDA regulations required Actavis to respond to FDA on *both issues* simultaneously (plus dozens of other issues), it is *possible* the completion of

---

[2] Actavis ████████████████████████████████████ Teva Suppl. Br. 5-6.

comparative dissolution studies *might* also have delayed Actavis's May 2018 response regarding microbial controls.

But Actavis has not disputed that comparative dissolution studies take a matter of days to conduct, making it completely implausible that *they* are what delayed Actavis's ANDA resubmission (which took from May 2017 to May 2018), and Actavis identifies no evidence, either existing or to be developed, to that effect. Actavis just speculates the comparative dissolution studies *might* have also delayed Actavis's response regarding microbial controls. Such speculation does not warrant remand.

**(2)** FDA found Actavis's microbial tests in its May 2018 ANDA resubmission ███████████████ Actavis labels this (at 9) a mere FDA request to ██████ Actavis's testing, and not ████████████ That is made up. FDA issued a Complete Response Letter, which enumerated deficiencies preventing approval. JA565-70. FDA found that it ████████████████████████████

████████████████████████████████████████

████ *Id.* at JA565. This, too, bars any showing of but-for causation. [3]

******

---

[3] Additionally, Norwich has explained that Actavis's facility was out of control as of June 18, 2018. FDA does not dispute this, nor suggest it would or could approve a drug manufactured at such a facility. Indeed, it *refused* to do so. JA566.

At bottom, FDA produced an 895-page record, including all relevant portions of *Actavis's* ANDA, and *Actavis's* correspondence with FDA, concerning causation. Norwich demonstrated the record supports only one result—Actavis forfeited any exclusivity. Appellees identify nothing in the record, or any specific evidence that they would develop, that would change that.[4]

## CONCLUSION

This Court should conclude that Actavis forfeited any 180-day exclusivity, reverse with direction for the district court to grant Norwich summary judgment, issue the mandate forthwith, and order FDA to act on Norwich's '370 ANDA within 14 days of issuance of the mandate. Alternatively, if the Court finds that remand is merited, it should require FDA to reevaluate its failure-to-obtain-tentative-approval decision and act on Norwich's ANDA within 14 days. While FDA requests (at 19 n.3) an indefinite remand, or at least 90 days, no such delay is warranted. The relevant forfeiture event occurred *in 2018*, and Norwich's ANDA became approvable long ago. *See* 21 U.S.C. § 355(j)(5)(A), (B) (providing that, subject to any exclusivity, ANDA shall be approved within 180 days of filing).

---

[4]  Salix re-raises (at 2-5) several patent-related arguments, which fail for reasons Norwich has explained. Norwich Reply 25-28.

Dated: January 30, 2026

Respectfully submitted,

*/s/ Andrew D. Prins*

Matthew S. Murphy
AXINN, VELTROP & HARKRIDER
LLP
90 State House Square
Hartford, CT 06103
(860) 275-8100
mmurphy@axinn.com

Andrew D. Prins
Rachael L. Westmoreland
Lia Rose Barrett
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200
andrew.prins@lw.com

Nicholas L. Schlossman
LATHAM & WATKINS LLP
300 Colorado Street
Suite 2400
Austin, TX 78701
(737) 910-7314
nicholas.schlossman@lw.com

*Counsel for Appellant Norwich Pharmaceuticals, Inc.*

**CERTIFICATE OF COMPLIANCE**

This brief complies with Federal Rule of Appellate Procedure 32(f) and (g), D.C. Cir. Rule 32, and the Court's December 12, 2025 supplemental briefing order because it contains 2,499 words.

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word and Times New Roman 14-point font.

*/s/ Andrew D. Prins*
Andrew D. Prins

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2026, I electronically filed the foregoing brief with the United States Court of Appeals for the District of Columbia Circuit through the Court's CM/ECF system. All parties are represented by registered CM/ECF users and will be served by the CM/ECF system.

I further certify that the confidential version of the foregoing brief was also served on counsel for all parties by electronic transfer.

*/s/ Andrew D. Prins*
Andrew D. Prins