**ARGUED ON DECEMBER 11, 2025**

**No. 25-5137**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

NORWICH PHARMACEUTICALS, INC.,
*Plaintiff-Appellant*,

v.

ROBERT F. KENNEDY JR., in his official capacity as Secretary of Health and Human Services; MARTIN M. MAKARY, in his official capacity as Commissioner of Food and Drugs; UNITED STATES FOOD AND DRUG ADMINISTRATION,
*Defendants-Appellees*,

TEVA PHARMACEUTICALS USA, INC.; SALIX PHARMACEUTICALS, INC.,
*Intervenors-Appellees*.

On Appeal from the United States District Court for the District of Columbia, No. 1:25-cv-00091, Hon. Beryl A. Howell

**REPLY IN SUPPORT OF
MOTION FOR LEAVE TO FILE AMICUS BRIEF**

Norwich identifies no reason for this Court to deny AAM's request to submit an amicus brief addressing the questions this Court identified in its supplemental briefing order, which are of critical importance to the generic drug industry.

Most importantly, Norwich's insinuation that Teva drove AAM's decision to file the proposed amicus brief is false. AAM is a 28-member trade association that follows an established voting process for deciding whether to file a given amicus brief. A separate AAM member (not Teva) made the initial request that AAM file

1

its proposed brief in this case and AAM's voting requirements were satisfied without considering any vote from Teva.

Norwich's argument that AAM's proposed brief does not address the questions this Court identified in its supplemental briefing order is meritless. This Court specifically asked for briefing on whether the application of any but-for standard "should be resolved by this court or remanded to FDA to address it in the first instance." That is exactly the question AAM's proposed amicus brief addresses. Norwich neither acknowledges the relevant part of this Court's order nor explains why AAM's proposed brief does not address it.

Finally, as to timing, AAM's proposed amicus brief is not a full merits amicus brief and so is not governed by the deadline in Rule 29(a)(6). The proposed brief focuses on the questions this Court identified in its supplemental briefing order and is limited to half the length of the parties' principal supplemental briefs. Consistent with standard amicus practice, AAM submitted its proposed amicus brief shortly after the supplemental briefs of the parties it supports. The time between AAM's filing and Norwich's reply deadline was more than enough time for Norwich's sophisticated counsel to prepare and file an opposition to AAM's motion for leave to file an amicus brief. It was also enough time for Norwich's counsel to make any adjustments to Norwich's supplemental reply that Norwich wanted to make to account for AAM's proposed brief.

3

Dated: January 30, 2026   Respectfully submitted,

*/s/ David Zimmer*
David Zimmer
ZIMMER, CITRON & CLARKE LLP
130 Bishop Allen Dr.
Cambridge, MA 02139
(617) 676-9421

*Counsel for the Association for Accessible Medicines*

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

*Parties and Amici*: All parties and intervenors appearing before the district court and this Court are listed in the Opening Brief of Appellant Norwich Pharmaceuticals, Inc. The Association for Accessible Medicines is the only amicus to have appeared before this Court.

*Rulings Under Review*: References to the ruling at issue appear in the Opening Brief of Appellant Norwich Pharmaceuticals, Inc.

*Related Cases*: To *amicus*'s knowledge, all related cases are listed in Plaintiffs-Appellants' D.C. Circuit Rule 28(a)(1) certificate.

Date: January 30, 2026                    */s/ David Zimmer*
                                                                         David Zimmer

## CERTIFICATE OF COMPLIANCE

This reply with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 324 words, excluding those parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).  This brief complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E), 32(a)(5) and 32(a)(6) because it has been prepared in a proportionately spaced typeface using Microsoft Word in Times New Roman, 14-point font for text and footnotes.

Dated: January 30, 2026                                 */s/ David Zimmer*
                                                                        David Zimmer

## CERTIFICATE OF SERVICE

I, David Zimmer, certify that, on this date, I electronically filed the foregoing document with the United States Court of Appeals for the D.C. Circuit by using the court's CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the court's CM/ECF system.

Dated: January 30, 2026                                 */s/ David Zimmer*
                                                                        David Zimmer