**No. 25-5137**

**IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

NORWICH PHARMACEUTICALS, INC.,
*Plaintiff-Appellant*,

v.

ROBERT F. KENNEDY JR., in his official capacity as Secretary of Health and Human Services; MARTIN M. MAKARY, in his official capacity as Commissioner of Food and Drugs; UNITED STATES FOOD AND DRUG ADMINISTRATION,
*Defendants-Appellees*,

TEVA PHARMACEUTICALS USA, INC.; SALIX PHARMACEUTICALS, INC.,
*Intervenors-Appellees.*

On Appeal from the United States District Court for the District of Columbia, No. 1:25-cv-00091, Hon. Beryl A. Howell

**MOTION OF THE ASSOCIATION FOR ACCESSIBLE MEDICINES FOR INVITATION TO FILE BRIEF AS AMICUS CURIAE IN SUPPORT OF PETITION FOR REHEARING EN BANC**

Pursuant to D.C. Circuit Rule 40(f) and Federal Rule of Appellate Procedure 29(b)(2), the Association for Accessible Medicines ("AAM") respectfully requests an invitation to file a brief as amicus curiae in support of Intervenor-Appellee Teva Pharmaceuticals USA's petition for rehearing en banc. A copy of AAM's proposed brief is attached as Exhibit A to this motion. Pursuant to Federal Rule of Appellate Procedure 29(b)(4) and (5), that brief contains no more than 2,600 words and is being

filed within seven days of the rehearing petition. The federal Defendants-Appellees and Intervenors-Appellees Teva Pharmaceuticals USA and Salix Pharmaceuticals consent to this motion. Plaintiff-Appellant Norwich Pharmaceuticals opposes this motion and intends to file a response.

This Court regularly grants motions for an invitation to file an amicus curiae brief in support of rehearing en banc. *E.g.*, *Climate United Fund v. Citibank, N.A.*, No. 25-5122 (Dec. 17, 2025); *Nat'l Treasury Employees Union v. Vought*, No. 25-5091 (Dec. 17, 2025); *Global Health Council v. Trump*, No. 25-5097 (Aug. 28, 2025); *Save Jobs USA v. Dep't of Homeland Security*, No. 23-5089 (Oct. 17, 2024); *End Citizens United PAC v. Federal Election Commission*, No. 22-5277 (Mar. 11, 2024); *Campaign Legal Center v. Federal Election Commission*, No. 22-5339 (Mar. 11, 2024); *In re: Search of Information Stored at Premises Controlled by Twitter Inc.*, No. 23-5044 (Oct. 6, 2023).

AAM's brief provides a valuable perspective for this Court. AAM is a nonprofit, voluntary association representing manufacturers and distributors of generic and biosimilar medicines and bulk active pharmaceutical chemicals, as well as suppliers of other goods and services to the generic pharmaceutical industry. AAM regularly participates in litigation as an amicus curiae. And AAM and its members have a significant interest in the questions presented in this appeal, which directly impact the incentives for generic manufacturers to develop and market

generic drugs, providing patients with a diverse supply of safe, effective, and lower-cost medicines.

AAM is in a particularly strong position to aid the Court because disputes as to whether a first generic filer forfeited eligibility for exclusivity under § 355(j)(5)(D)(i)(IV) are generally disputes *between* two generic drug manufacturers. Although AAM has members on both sides of the question before the Court, the risks to the generic drug industry as a whole from a but-for standard have led AAM to submit this brief.

AAM therefore respectfully requests that the Court grant an invitation to file the attached brief as amicus curiae.

Dated: October 16, 2026

Respectfully submitted,

*/s/ David Zimmer*

David Zimmer
ZIMMER, CITRON & CLARKE LLP
711 Atlantic Ave., 6th Floor
Boston, MA 02111
(617) 676-9421

*Counsel for Amicus Curiae*

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

***Parties and Amici***: All parties and intervenors appearing before the district court and this Court are listed in the Opening Brief of Appellant Norwich Pharmaceuticals, Inc. The Association for Accessible Medicines is the only amicus to have appeared before this Court.

***Rulings Under Review***: References to the ruling at issue appear in the Opening Brief of Appellant Norwich Pharmaceuticals, Inc.

***Related Cases***: To amicus's knowledge, all related cases are listed in Plaintiff-Appellant's D.C. Circuit Rule 28(a)(1) certificate.

Date: October 16, 2026

*/s/ David Zimmer*
David Zimmer

## DISCLOSURE STATEMENT

Pursuant to Federal Rules of Appellate Procedure 26.1 and 29(a), and D.C. Circuit Rule 26.1, counsel for amicus curiae states as follows: The Association for Accessible Medicines is a 501(c) nonprofit organization. It has no parent corporation and issues no stock, and no publicly held corporation owns a 10% or greater interest in it.

Date: October 16, 2026

*/s/ David Zimmer*
David Zimmer

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 402 words, excluding those parts of the motion exempted by Federal Rule of Appellate Procedure 32(f). This motion complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E), 32(a)(5) and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 14-point font for text and footnotes.

Dated: October 16, 2026

*<u>/s/ David Zimmer</u>*
David Zimmer

## CERTIFICATE OF SERVICE

I, David Zimmer, certify that, on this date, I electronically filed the foregoing document with the United States Court of Appeals for the D.C. Circuit by using the court's CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the court's CM/ECF system.

Dated: October 16, 2026

*<u>/s/ David Zimmer</u>*
David Zimmer